UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1381 DSF (JCG) | Date | August 23, 2016 |
|---|---|---|---|
| Title | *Steven Garcia v. County of Riverside Sheriff's Department, et al.* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:           Attorneys Present for Defendants:

None Appearing                                      None Appearing

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES SHOULD NOT BE DENIED**

On June 27, 2016, plaintiff Steven Garcia ("Plaintiff"), a California state prisoner proceeding *pro se*, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), [Dkt. No. 1], and a request to proceed without prepayment of filing fees ("Request"), [Dkt. No. 2]. The Court has screened the Complaint for the purpose of determining whether the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

For the reasons discussed below, Plaintiff is **ORDERED TO SHOW CAUSE** why the Request should not be denied on the grounds that the Complaint is untimely.

I.     **Plaintiff's Allegations**

In the Complaint, Plaintiff alleges that, on December 25, 2012, Riverside County Sheriff's Deputy Jess Kiebach ("Kiebach") and four other officers (collectively, the "Officers") came to Plaintiff's residence in response to a 911 call from Plaintiff's landlord ("Landlord"). [*See* Dkt. No. 1 at 7.] During the call, the Landlord stated that Plaintiff was an unwanted guest who refused to leave the residence. [*See id.*] When the Officers arrived, Plaintiff told them that he had lived at the residence since 2006, and that the Officers had no right to enter. [*See id.*] Kiebach briefly left, but returned with a key to the front door that he had obtained from the Landlord. [*See id.* at 8.] The Officers entered the residence, pointed guns at Plaintiff, kicked him, beat him, handcuffed him, and dragged him to the street. [*See id.*]

According to the Complaint, Kiebach then: (1) told Plaintiff that he "had no legal right to be at the address"; (2) commanded Plaintiff "to leave and not come back"; and (3) warned Plaintiff that "he would be arrested" if he returned. [*See id.*] Kiebach also told Plaintiff that if he tried to enter the property to retrieve his personal belongings, Plaintiff would "go to jail." [*See id.* at 9.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1381 DSF (JCG) | Date | August 23, 2016 |
|---|---|---|---|
| Title | *Steven Garcia v. County of Riverside Sheriff's Department, et al.* | | |

After the Officers left, Plaintiff once again entered the residence and got into an "altercation" with the Landlord. [*See id.* at 10.] According to a California Court of Appeals decision, the Landlord testified at trial that Plaintiff struck him in the head "very hard." *See People v. Webb*, 2015 WL 1646465, at *1-2 (Cal. Ct. App. Apr. 13, 2015). As a result, the police were called back to the premises and arrested Plaintiff, who was ultimately convicted of, *inter alia*, felony battery causing serious bodily injury. [*See* Dkt. No. 1 at 10]; *see also Webb*, 2015 WL 1646465, at *1.

Based on the Complaint's allegations, Plaintiff asserts claims for excessive force, battery, unlawful eviction, denial of "the right to possess personal property," and "providing legal advice as a deputy." [*See* Dkt. No. 1 at 6.]

**II.     Legal Standards**

Absent waiver, the Court may consider the timeliness of a complaint *sua sponte*. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

In actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury actions, which, in California, is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. This period begins to run when the plaintiff first learns of the injury giving rise to his claims. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991).

Furthermore, federal courts also apply the forum state's laws regarding tolling, except to the extent such laws are inconsistent with federal law. *Jones*, 393 F.3d at 927. Under California Code of Civil Procedure section 352.1(a), there is a two-year tolling period for plaintiffs who were "incarcerated at the time the[ir] claim[s] accrue[d]." *Choma v. Arnold*, 2012 WL 1340387, at *1 (C.D. Cal. Mar. 19, 2012), *report and recommendation adopted*, 2012 WL 1340081 (C.D. Cal. Apr. 17, 2012). A plaintiff is considered "incarcerated" for purposes of this tolling provision "at the time of arrest." *Piazza v. Brackett*, 2013 WL 3166283, at *3 (E.D. Cal. June 20, 2013).

Importantly, the Ninth Circuit has held that "actual, uninterrupted incarceration is the touchstone for assessing [prisoner] tolling . . . [in] all post-arrest custody" situations. *Elliott v. City of Union City*, 25 F.3d 800, 802-803 (9th Cir. 1994) (internal quotation marks and citation omitted). That is, "continuous custody" is required. *Id.* at 803.

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1381 DSF (JCG) | Date | August 23, 2016 |
|---|---|---|---|
| Title | *Steven Garcia v. County of Riverside Sheriff's Department, et al.* | | |

### III. Discussion

#### A. Plaintiff's Complaint Appears to Be Untimely

As stated above, the allegations supporting Plaintiff's various causes of action all relate to events that occurred on December 25, 2012. [*See* Dkt. No. 1 at 5.] As such, absent tolling, the applicable statute of limitations expired on December 26, 2014, *i.e.*, two years later (and accounting for Christmas Day 2014, a federal holiday). *See Jones*, 393 F.3d at 927; Cal. Civ. Proc. Code § 335.1; Fed. R. Civ. P. 6(a)(1)(C). However, Plaintiff lodged his Complaint on June 27, 2016, eighteen months after the statute of limitations expired. [*See* Dkt. No. 1.] As such, Plaintiff's Complaint is facially untimely.

##### 1. Plaintiff is Not Entitled to Tolling for His Excessive Force and Unlawful Detainer Causes of Action

As a rule, an excessive force claim under § 1983 is deemed to have accrued when the allegedly excessive force was used. *Keeton v. Cox,* 2010 WL 5330493, at *2 (E.D. Cal. Dec. 20, 2010) ("Generally, a claim accrues when the plaintiff knows or should have known of his injury; specifically, a claim of excessive force accrues when the force is used against the plaintiff."), *report and recommendation adopted,* 2011 WL 308409 (E.D. Cal. Jan. 27, 2011).

Likewise, a claim for unlawful eviction under § 1983 accrues when the plaintiff learns of his eviction. *See Bagley*, 923 F.2d at 761-62; *Mason v. City of Phila.*, 2014 WL 4722640, at *5-6 (E.D. Pa. Sept. 22, 2014).

Here, Plaintiff alleges that he was subjected to excessive force and was unlawfully evicted during his *initial* interaction with the Officers. [Dkt. No. 1 at 8-10.] According to the Complaint, after this initial encounter with Plaintiff, the Officers left the premises. [*See id.* at 10.] Subsequently, after Plaintiff's "altercation" with the Landlord, the police were called back to the property, and Plaintiff was arrested. [*See* Dkt. No. 1 at 10.] There is no allegation that excessive force was used against Plaintiff during this second encounter. [*See id.*]

As such, Plaintiff's claims for excessive force and unlawful detainer accrued during his initial encounter with the Officers, *prior* to his arrest.[1] *See Bagley*, 923 F.2d at 761-62. Thus, Plaintiff is not entitled to tolling based on his incarceration. *See Choma ,* 2012 WL 1340387, at *1; Cal. Civ. Proc. Code § 352.1; Cal. Civ. Proc. Code § 357.

---

[1]  Although Plaintiff alleges that he was handcuffed during his initial interaction with the Officers, Plaintiff was not in custody when the Officers left. [*See* Dkt. No. 1 at 10]. As such, Plaintiff has not been in "continuous custody" since his claims accrued. *See Elliott,* 25 F.3d at 803.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1381 DSF (JCG) | Date | August 23, 2016 |
|---|---|---|---|
| Title | *Steven Garcia v. County of Riverside Sheriff's Department, et al.* | | |

    **2.**    **Plaintiff is Not Entitled to Tolling for His Other Claims**

The allegations supporting Plaintiff's remaining claims likewise took place during Plaintiff's initial interaction with the Officers, and before the separate, second encounter, during which Plaintiff was arrested and taken into custody. [*See* Dkt. No. 1 at 7-10.] As such, assuming *arguendo* that Plaintiff's remaining claims may be cognizable under § 1983, they are facially untimely, and are not saved by tolling.

**IV.**    **Plaintiff is Ordered to Show Cause**

Accordingly, all of Plaintiff's claims appear to be untimely. However, out of an abundance of caution, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, in writing, within **fourteen days** of the date of this Order, why Plaintiff's Request should not be denied on the grounds that his Complaint is untimely. In the event Plaintiff claims that he is entitled to a delayed accrual of the statute of limitations, or to tolling of the statute of limitations, Plaintiff **must explain** in detail the factual and legal basis therefor, and **must specify** the reason(s) for Plaintiff's apparent delay in commencing this action. Plaintiff also **must specify** all relevant dates, and is encouraged to attach any supporting documents.

**Plaintiff is expressly warned that his failure to file a timely and complete response will be deemed by the Court as consent to the denial of the Request and the dismissal of this action.**

    **IT IS SO ORDERED.**

cc: Parties of Record

                                                                                                         00    :    00

                                                               Initials of Clerk        kh